UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN BROADFIELD,
    Plaintiff,

vs.                                                                                           09-1143

TAZEWELL COUNTY JAIL, et. al.,
    Defendants.

## CASE MANAGEMENT AND MERIT REVIEW ORDER

    This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff, Brian Broadfield, has submitted a complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Tazewell County Jail. The plaintiff has named six defendants including the Tazewell County Jail, Sheriff Robert Houston, Jail Superintendent Earl Helm, Dr. Shaw, Correctional Officer Joe Sadowski and Correctional Officer Rhonda Spracklen. The court will dismiss Defendant Tazewell County Jail because a jail is not a legal entity and thus not a proper §1983 defendant. The plaintiff's complaint lists a variety of random allegations against the other defendants.

    The plaintiff says he was arrested on January 27, 2009 and was taken to the Tazewell County Jail. The plaintiff says Defendant Sadowski is his fiancee's uncle and on two occasions came to his cell and told him he did not like him and was angry with him for getting arrested. The plaintiff says he tried to complain to staff, but no one took his complaints seriously. The plaintiff has failed to state a violation of his constitutional rights.

    The plaintiff also alleges that Defendant Sadowski "has stated several things that he could have only found out by listening to my phone calls..." (Comp, p. 6). The plaintiff provides no further information regarding this claim. Without more, the court cannot find that the plaintiff has stated a violation of his constitutional rights based on this vague accusation.

    The plaintiff says on March 5, 2009, he was taken to a segregation unit based on a gambling charge. The plaintiff maintains he was not guilty. The next day, the plaintiff says Defendant Spracklen put him on suicide watch based on something his girlfriend wrote in a letter. The plaintiff says he "was not suicidal nor did I give the impression that I was." (Comp., p. 7). Again, the plaintiff has not clearly stated a violation of his constitutional rights. Was he found guilty of the disciplinary ticket? If so, was the ticket overturned? Placing the plaintiff on suicide watch alone does not state a violation either.

1

The plaintiff's complaint also includes several other random claims against the two officers including: The plaintiff says around March 15, 2009, Officers Sadowski and Spracklen spoke to several inmates about a written document they apparently thought the plaintiff authored. The plaintiff alleges that another inmate told him Officer Sadowski claimed he was trying to "get" the plaintiff. (Comp., p. 7). Finally, the plaintiff says he believes the officers are a threat to his safety, and is asking to be moved to a new facility as well as an investigation into the officers. None of theses allegations rise to the level of a constitutional violation.

The plaintiff also makes two claims concerning his medical care. First, the plaintiff says he has requested testing for malnutrition due to "extreme weight loss prior to incarceration." (Comp, p. 9) The plaintiff says he lost 40 pounds in three months time. The plaintiff says he was told there was no testing for malnutrition. The plaintiff has again failed to state a constitutional violation. The plaintiff is not entitled to any specific testing and is not entitled to any specific medical care simply because he lost weight prior to his incarceration. *See Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997).

The plaintiff's second claim is that he repeated asked to see a dentist, but his requests have been denied. The plaintiff says he is in extreme pain and needs teeth pulled. The plaintiff has stated a violation of his Eighth Amendment rights.

The plaintiff must pass both an objective and a subjective test in order to establish that the defendants violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). The first prong of the test requires the plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Id*. The second prong of the Eighth Amendment test requires the plaintiff to show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42) Inadequate medical treatment due to negligece or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes,* 112 F.3d at 267.

"[P]roof of deliberate indifference may be found where a prison official intentionally denies or delays access to medical care or intentionally interferes with the treatment once prescribed." *Jones v. Natesha* ,151 F.Supp.2d 938, 945 (N.D. Ill. 2001) *citing Ford,* 2001 WL 456427 at 6. However, the plaintiff must provide evidence that the delay contributed to his injuries. *See Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996)(prisoner who complains that a "delay in medical treatment rose to the level of a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment in order to succeed.") Delays that cause "needless hours of suffering" can constitute harm. *Gil v. Reed,* 381 F. 3d 649, 662 (7th Cir. 2004).

Unfortunately, the plaintiff does not clearly state which defendant he asked to see the dentist. The plaintiff simply states that on several occasions he filed to see a dentist and was told

the jail did not have one. (Comp, p. 9).  The two correctional officers, Sadowski and Spracklen, would have no say over whether the plaintiff could see a dentist, nor did the plaintiff allege they these individuals interfered with his requests.  Therefore, the court will dismiss these two individuals.  The plaintiff must demonstrate that the remaining defendants, Houston, Helm and Shaw, were each personally involved in denying his requests to see a dentist in order to proceed against each of these individuals.

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Defendants Houston, Helm and Shaw were deliberately indifferent to the plaintiff's serious medical condition when they refused to allow him to see a dentist.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.  The clerk of the court is directed to dismiss Defendants Tazewell County Jail, Joe Sadowski and Rhonda Spracklen for failure to state a claim upon which relief can be granted against these individuals.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 8th Day of June, 2009.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE