UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN BROADFIELD,
    Plaintiff,

vs.                                                    09-1143

ROBERT HOUSTON, et. al.,
    Defendants.

## CASE MANAGEMENT ORDER

This cause is before the court for case management and consideration of the plaintiff's motions for appointment of counsel [d/e 10, 20, 27]; the plaintiff's motions for leave to amend his complaint [d/e 13, 26]; and the defendants motion to compel. [d/e 30]

On June 8, 2009, the court conducted a merit review of the plaintiff's complaint and found that he had alleged one claim: that Tazewell County Sheriff Robert Houston, Jail Superintendent Earl Helm and Dr. Vipin Shaw were deliberately indifferent to the plaintiff's serious medical condition when they refused to allow him to see a dentist at the Tazewell County Jail. It is not clear at this point whether the plaintiff was a pretrial detainee or an inmate at the time of his allegations.

### I. MOTIONS FOR APPOINTMENT OF COUNSEL

The plaintiff has filed motions asking the court to appoint counsel to represent him. [d/e 10, 20, 27] The court previously denied the plaintiff's motion because he had not shown what efforts he had made to hire counsel on his own. *See* June 3, 2009 Court Order. The plaintiff now says he has attempted to call attorneys, but most will not accept collect calls and attorneys do not want to take a case against Tazewell County.

First, the court notes that Tazewell County is not a defendant in the plaintiff's case. Second, the plaintiff has not provided the names of any attorneys he has attempted to call, nor the names of any attorneys he spoke to, nor the dates of his calls. Finally, the plaintiff has not demonstrated any serious attempt to find counsel by writing letters to attorneys. In short, the plaintiff has still provided no evidence of his efforts to retain counsel.

Nonetheless, the court notes that although this case involves the plaintiff's medical treatment, at this point it does not appear so complex that the plaintiff is not competent to proceed pro se based on his submissions to the court. The difficulties faced by the plaintiff are the same faced by all pro se prisoners. The plaintiff's motions for appointment of counsel are denied at this stage of the litigation.

The court notes that in his motions, the plaintiff asks that the court allow one of his relatives to pay for copies and have those copies sent to the plaintiff. It is not clear what copies

the plaintiff is referencing.  The plaintiff is provided copies of all court orders and the defendants must provide copies of any motions they file.   In addition, the plaintiff does not need the court's permission to have a relative pay for copies of court documents.   The motion is denied.  [d/e 10]

## II. MOTIONS TO AMEND THE COMPLAINT.

The plaintiff has filed two motions to amend his complaint. [d/e 13, 26]   However, neither motion has a proposed amended complaint attached.  Instead, the plaintiff says he wants to add additional defendants to his case including: Tazewell County, County Board Chairman David Zimmerman, United States Attorney General Eric Holder, Illinois Attorney General Lisa Madigan, Nurse Renae and Nurse Jessica.   The motions are denied.

First, the court does not allow piecemeal amendments.  If a plaintiff wishes to file an amended complaint, he must submit the proposed amended complaint setting forth all claims against all defendants.  The amended complaint must stand complete on its own, without reference to the complaint that it replaces.   This prevents confusion over intended claims and defendants.  The plaintiff may still file a motion to amend his complaint, but he must attach a proposed amended complaint following the court's guidelines.

Second, the plaintiff has not articulated how any of the new defendants are liable for his claims.  A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).   Also, the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under  42 USC §1983.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).  A supervisor cannot be held liable for the errors of his subordinates.

Finally, the plaintiff has not articulated an official capacity claim and therefore has not stated a claim against Tazewell County.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

## III. MOTION TO COMPEL

Defendant Shaw has filed a motion to compel discovery. [d/e 30].   The defendant states that he sent interrogatories, a request to produce and an authorization for the release of medical records to the plaintiff on June 30, 2009.   The plaintiff refused to sign the authorization and failed to provide a response to the discovery requests.   The defendant says he has sent follow- up letters to the plaintiff, but has still failed to receive any response.

The motion to compel is granted. [d/e 30].  The plaintiff must provide responses to the defendant's discovery requests.  The plaintiff chose to pursue this litigation, and must cooperate in the discovery process.   In addition, the plaintiff's surviving claim involves his medical care, and therefore his medical records are relevant to this lawsuit.   The plaintiff is admonished that if he

fails to participate in the discovery process, his lawsuit may be dismissed.

The plaintiff must provide responses to the defendant's relevant discovery requests within 30 days.   Defendant Shaw is also to send the plaintiff another copy of the Authorization for the Release of Medical Records form.  The plaintiff must immediate sign and return the form to the defendant.

**IT IS THEREFORE ORDERED:**

**1)   The plaintiff's motions for appointment of counsel are denied.  [d/e 10, 20, 27]**

**2) The plaintiff's motions for leave to amend his complaint are denied. [d/e 13, 26]**

**3) Defendant Shaw's motion to compel is granted. [d/e 30].  The plaintiff must provide responses to the defendant's relevant discovery requests within 30 days.   If the plaintiff fails to participate in the discovery process, his lawsuit may be dismissed.**

**4) Defendant Shaw is to send the plaintiff another copy of the Authorization for the Release of Medical Records form.  The plaintiff must immediate sign and return the form to the defendant.**

Entered this 26th Day of October, 2009.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE